Nov. Term,
1838.

Baker and Another *v.* Mortimer.

BAKER
v.
MORTIMER.

On the trial of a suit by *scire facias* against a constable for failing to return a *fieri facias*, the defendant may prove on the general issue, to reduce the damages, that, during the whole of the time that the execution was in his hands, the execution-debtor was insolvent.

Whether the insolvency of the execution-debtor may be pleaded in bar to such a suit ?—*quære.*

*Thursday,*
*November 22.*

ERROR to the *Shelby* Circuit Court. This cause originated before a justice of the peace, and was tried by the Circuit Court, on the plea of not guilty and other pleas, on appeal.

SULLIVAN, J.—This was a proceeding by *scire facias* against the defendant as a constable, under the 18th section of the act of 1831 authorising the appointment of constables and defining their duties (1). The writ charges that the defendant failed to make due return of a *fieri facias,* that had been directed and delivered to him by a justice of the peace of the township of which he was constable. A judgment was rendered for the defendant in the Circuit Court, to reverse which the plaintiffs have prosecuted this writ of error.

A bill of exceptions taken in the case informs us, that on the trial in the Circuit Court the defendant offered to prove, that, during the whole time the execution named in the *scire facias* was in his hands, the execution-debtor was insolvent; to which testimony the plaintiffs objected, but the Court overruled the objection and permitted the testimony to be given. To this opinion the plaintiffs excepted.

The statute on which this proceeding is founded provides, that it shall be the duty of every constable to make due return of all process to him directed and delivered, and to pay over all moneys collected or received by him on execution or otherwise, and for failure to make such return, or to pay over, he shall be liable to the injured party, and may be proceeded against by *scire facias ;* and the party aggrieved shall be entitled to recover of the constable the amount collected or received by him, or the amount which he might and should have collected and paid over, with interest and 10 *per cent.* damages thereon.

We think the statute fully sustains the judgment of the Circuit Court. If the debtor be wholly insolvent, so that the

officer cannot collect the debt or any part of it, the failure to return the execution can do no material injury to the creditor; and he ought not to recover more from the officer, than he has lost by the officer's neglect of duty. If this were an action on the case, there can be no doubt but the measure of damages would be the amount of loss the plaintiff had sustained under all the circumstances. The legislature, in giving the remedy by *scire facias*, might have enacted a different rule; but so far from doing so, they have provided that the amount to be recovered from the officer shall be such as he *might* and *should* have collected from the debtor. If by reason of the insolvency of the debtor, the constable could not collect from him the amount of the execution or any part of it, he ought to be permitted to show it, so as to reduce the amount of damages for which he would, without such proof, be liable. Whether the insolvency of the execution-defendant may be pleaded by an officer in a case like the present, in bar of a suit brought against him, as was contended in the argument, we are not called upon now to decide. It is sufficient for the decision of the present case to say, that the testimony offered was admissible under the issue. The record does not contain the testimony given on the trial; we presume, however, it was sufficient to sustain the verdict.

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Ryman,* for the plaintiffs.

*C. Fletcher* and *O. Butler,* for the defendant.

(1) Accord. Rev. Stat. 1838, p. 148, sec. 18.